UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE ALFREDO TIZON CLARKE,

Petitioner,

v. Case No.: 2:26-cv-02789-SPC-KRH

DAVID HARDIN *et al*,

Respondents.
_______________________________/

**OPINION AND ORDER**

Before the Court are Jose Alfredo Tizon Clarke's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Tizon Clarke is a native of Peru who lawfully entered the United States on September 3, 2022, with a B2 visa. Before the visa expired, Tizon Clarke applied for asylum, and the request remains pending. Tizon Clarke has complied with all biometrics and reporting requirements and has obtained employment authorization and a Florida driver's license. He operates a Florida limited liability company, files federal tax returns, and has a fixed address in Dania Beach, Florida. He has no criminal history. On August 10, 2026, Immigration and Customs Enforcement (ICE) arrested Tizon Clarke and commenced removal proceedings. Immigration Judge Frank Pimentel held a custody redetermination hearing on September 22, 2026, and denied release on bond with this order:

> Flight risk – Respondent's two I-589s differ in their description of past harm in Peru. The first focuses on his impediment to a gang recruiting children from his church, and the second focuses on a gang extorting him at work. Neither is viable. See Matter of A-L-S-, 29 I&N Dec. 794 (BIA 2026).

(Doc. 5-1 at 10).

In his habeas petition, Tizon Clarke claims his detention violates the Due Process Clause of the Fifth Amendment because Judge Pimentel deemed him a flight risk without considering the facts and circumstances relevant to the purposes of immigration detention. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. The Court acknowledges the limits imposed by § 1226(e). To the extent Tizon Clarke asks the Court to reweigh evidence or otherwise review Judge Pimentel's exercise of discretion, the Court declines to do so. But Tizon Clarke also raises a bona fide due process claim. The government's response contains no due process analysis and instead rests on the fact that a bond hearing was held.

Because Tizon Clarke's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all

'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or offered an explanation that contradicts the evidence before it."

*Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The custody redetermination hearing held here was not the meaningful, individualized assessment required by the Fifth Amendment. Judge Pimentel only considered Tizon Clarke's pending asylum applications. He briefly mentioned their content—that Tizon Clarke impeded a gang from recruiting children from his church, and that a gang extorted him at work—but drew no connection between the asylum requests and a potential risk of flight. And Judge Pimentel did not consider the evidence favorable to Tizon Clarke, like his legal entry, family and community ties, business ownership, fixed residence, tax compliance, immigration compliance, and lack of criminal history.

Ironically, the single case cited in the bond order—*Matter of A-L-S-*, 29 I&N Dec. 794 (BIA 2026)—provides further support that Judge Pimentel's cursory and narrow consideration of the evidence was insufficient. In *Matter of A-L-S-*, the BIA vacated a bond decision because the immigration judge only considered the noncitizen's pending application for immigration relief. The BIA instructed the immigration judge to assess on remand "flight risk based on the totality of the record, including the existence and substance of any applications for relief, objective evidence relating to the respondent's claimed family relationships and equities, and the extent to which any asserted forms

of relief meaningfully bear on the respondent's likelihood of attendance at future proceedings and compliance with future orders." *Matter of A-L-S-*, 29 I&N at 798. Judge Pimentel did not consider the totality of the record here.

An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Tizon Clarke's detention violates his right to due process.

Accordingly, it is hereby

**ORDERED**:

Jose Alfredo Tizon Clarke's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Tizon Clarke and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 28, 2026.

Sheri Polster Chappell

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record